UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60068-CIV-SINGHAL

**LOCALITY BANK**, a Florida banking corporation,

Plaintiff,

vs.

**STARBOARD YACHT GROUP, LLC**, a Florida limited liability company; **35-FOOT EVERGLADES**, U.S.C.G. Official No. 1220768, Hull I.D. RJDE00051708, and engines, tackle, and accessories; **28-FOOT PURSUIT**, Hull I.D. SSUE82861405, Title No. 91874263, and engines, tackle, and accessories; and **CHARLES J. STRATMANN**, individually,

Defendants.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Appointment of Substitute Custodian (the "**Motion**"). (DE [13]). Having reviewed the Motion, the docket, and otherwise being fully advised, the Court finds that good cause exists for the appointment of a substitute custodian pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure and Local Rule E(10). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Philip J. von Kahle of Moecker Auctions, Inc., whose address is 1885 Marina Mile Boulevard, Suite 103, Fort Lauderdale, Florida 33315, is hereby **APPOINTED** as Substitute Custodian of the Defendant Vessel, 28-foot Pursuit, Hull ID SSUE82861405, Title No. 91874263, and its boats, tackle, apparel and furniture, engines, and appurtenances;

2. Upon execution of the Warrant of Arrest by the United States Marshal, custody of the Defendant Vessel shall be immediately transferred to the Substitute Custodian, and the United States Marshal is relieved of any further responsibility for safekeeping of the Defendant Vessel;

3. The Substitute Custodian is authorized to take possession of, secure, monitor, and maintain the Defendant Vessel, including the authority to move the Defendant Vessel as reasonably necessary for safekeeping, docking, or storage;

4. The Substitute Custodian shall maintain adequate insurance coverage for the Defendant Vessel while in custodia legis and shall keep reasonable logs and records of services rendered and expenses incurred;

5. Plaintiff shall remain responsible for all costs, expenses, and fees incurred by the Substitute Custodian while the Defendant Vessel is in custodia legis, subject to taxation and allocation by further order of the Court;

6. This Order shall become effective immediately upon entry and shall remain in effect until further Order of the Court.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of March 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF