IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60068-AHS

FILED BY ___ D.C.

MAY 26 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

LOCALITY BANK, N.A.,

Plaintiff,

v.

STARBOARD YACHT GROUP LLC; CHARLES J. STRATMANN;

and M/V SLOW UR ROLL II, in rem,

Defendants.

---

**DEFENDANT CHARLES J. STRATMANN'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND NOTICE OF RELATED PROCEEDINGS**

COMES NOW Defendant Charles J. Stratmann, appearing pro se as an individual defendant named in Count V (Personal Guaranty) of the Complaint, and answers as follows:

## ANSWERS TO COMPLAINT

1. Defendant admits that he executed a personal guaranty in connection with the SBA 7(a) loan at issue. Defendant denies that Plaintiff is entitled to the full relief sought and asserts affirmative defenses below.

2. Defendant admits that Plaintiff alleges in rem claims against certain vessels, including the 35-ft Everglades (USCG Official No. 1220768) and the 28-ft Pursuit (HIN SSUE82861405).

3. Defendant denies each and every allegation of wrongdoing, liability, or legal deficiency not expressly admitted herein.

4. Defendant states that he is without sufficient knowledge or information to admit or deny the remaining allegations of the Complaint and therefore denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: Prior Jurisdiction / Related Proceedings.

This Court's action was the first-filed proceeding asserting claims against the M/V SLOW UR ROLL II (Everglades 350LX, USCG Official No. 1220768). Plaintiff's Complaint was filed January 12, 2026, and a Motion for Issuance of Warrant was filed January 13, 2026 (DE 6). A later-filed action, Seacoast National Bank v. M/V Slow UR Roll II, Case No. 0:26-cv-60289-WPD (Judge Dimitrouleas), was filed February 2, 2026 and arrested the same vessel on March 4, 2026. On May 21, 2026, that Court entered a Default Judgment of $168,773.21 condemning the vessel to judicial sale -- without notice to this Court and without regard to this Court's prior pending jurisdiction over the same res. Under Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1939), and Moran v. Sturges, 154 U.S. 256 (1894), the first court to exercise jurisdiction over a res has exclusive control. This Court's prior-filed action creates a priority interest that must be resolved before any sale.

### SECOND AFFIRMATIVE DEFENSE: Impairment of Collateral.

Plaintiff's claims are barred or reduced to the extent that Plaintiff impaired Defendant's subrogation and reimbursement rights by failing to timely protect, preserve, or liquidate the collateral securing the loan, thereby diminishing its value and prejudicing Defendant

as guarantor. See UCC Section 3-605; Restatement (Third) of Suretyship and Guaranty Section 37.

**THIRD AFFIRMATIVE DEFENSE: Lender Bad Faith / Failure of Good Faith.**

Plaintiff's right to enforce the guaranty is barred by the implied covenant of good faith and fair dealing. Plaintiff filed this action as part of a coordinated multi-forum attack on Defendant's business (simultaneously with Seakeeper, Inc.'s termination of a $1.8M annual dealer relationship and Seacoast National Bank's parallel foreclosure), designed to eliminate Defendant's ability to generate revenue and service the debt. A lender that coordinates with other creditors to destroy the borrower's ability to perform cannot then collect on the guaranty.

**FOURTH AFFIRMATIVE DEFENSE: Force Majeure / Impossibility.**

Performance of the guaranty obligation was rendered impossible by an extraordinary coordinated enterprise fraud attack, including: (a) CMR/Ivankovich's $1,016,252.50 default judgment obtained through false testimony (subsequently found by Judge Coleman, N.D. Ill. Case No. 20-cv-04985, DE 383, to involve $30.8M in asset diversion and 'blatant falsehoods'); (b) Seakeeper's retaliatory termination of a $1.8M dealership; (c) multiple simultaneous lawsuits requiring defense in 11 forums; (d) theft and concealment of business assets. These events constitute force majeure excusing performance.

**FIFTH AFFIRMATIVE DEFENSE: Set-Off.**

Defendant's liability on the guaranty, if any, is subject to set-off for damages sustained as a direct result of the coordinated enterprise attack that caused the default, including but not limited to: lost revenue from Seakeeper dealership termination ($1.8M annually), lost business from vendor isolation, legal defense costs across 11 forums, and diminution of asset values caused by the enterprise's actions.

**SIXTH AFFIRMATIVE DEFENSE: Unclean Hands / Equitable Estoppel.**

Plaintiff's right to equitable relief is barred by unclean hands. Plaintiff is represented by Akerman LLP (Amanda Klopp), which simultaneously represents Seacoast National Bank in the parallel foreclosure action (Case No. 0:26-cv-60289-WPD) and represented

interests adverse to Defendant in the CMR bankruptcy proceedings. This successive adverse representation, combined with the coordinated timing of multiple enforcement actions, estops Plaintiff from obtaining equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE: Additional Defenses Reserved.**

Defendant reserves the right to assert additional affirmative defenses as discovery progresses and sealed docket entries (including DE 6-8 of this action) are made available.

**EIGHTH AFFIRMATIVE DEFENSE: Related Asset Claims / Intellectual Property Exposure / Irreparable Harm.**

The collateral subject to this action includes or is connected to assets carrying significant intellectual property value, proprietary trade secrets, and evidentiary materials that are the subject of multiple related proceedings. Specifically:

(a) The 35-ft Everglades vessel (USCG Official No. 1220768) contains onboard Seakeeper stabilization equipment that is the subject of active trade secret litigation in Seakeeper Inc. v. Starboard Yacht Group LLC, Case No. 1:26-cv-01332-MJM (D. Md.), where a preliminary injunction was entered May 11, 2026;

(b) Defendant possesses documented evidence of enterprise fraud -- including over 17,500 Bates-stamped documents -- that constitute intellectual property with litigation value exceeding  million in potential recovery across 8 pending cases;

(c) Any forced or improper sale of the collateral vessels or related assets risks destroying, dissipating, or transferring into hostile hands proprietary installation records, trade secret documentation, and physical evidence critical to multiple pending law enforcement investigations (BSO Axon 02-2601-000152; FLPD Case 34-2512-209096);

(d) Such sale would create irreparable damages not compensable by monetary relief, as the evidentiary chain of custody would be broken and the trade secret exposure risk would be permanent;

(e) Plaintiff and its counsel (Akerman LLP) approach this Court with unclean hands by virtue of simultaneous representation of Seacoast National Bank in the parallel foreclosure (0:26-cv-60289-WPD) and prior adverse representation against Defendant in the CMR proceedings; and

(f) The unjust enrichment of both Plaintiff and the enterprise defendants (CMR/Ivankovich) through a forced sale at distressed value -- when the enterprise itself caused the default through documented RICO predicate acts -- renders enforcement inequitable. See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814-15 (1945).

**NINTH AFFIRMATIVE DEFENSE: Notice of Pending Related Asset Claims / Unjust Enrichment.**

Defendant gives notice that the following pending proceedings assert claims to the same assets, intellectual property, or subject matter, creating a risk of inconsistent judgments and unjust enrichment if this action proceeds without coordination:

(i) SYG v. BlueWater Reel Estate LLC, Case No. CACE-26-005811 (Broward Cty. Circuit, Judge Levenson) -- Replevin + Civil Theft + Conversion; treble damages of ,906,385.02 sought for stolen assets including Seakeeper inventory and proprietary equipment. Defendants response deadline: June 8, 2026.

(ii) CJS v. Seakeeper Inc. (SKR), Case No. 1:26-cv-01332-MJM (D. Md.) -- Defendant Stratmann has pending motions asserting that Seakeepers trade secret claims are pretextual and designed to suppress evidence of the SK35 buy-back fraud (,068) and credit line collapse ( to  in 16 days). Intellectual property and trade secret exposure through improper vessel sale would prejudice Stratmanns defenses and affirmative claims for .8M annual revenue destruction.

(iii) CJS v. Ivankovich et al., CA11 Case No. 26-10941 -- Appeal from RICO action (0:26-cv-61150-PAB) documenting .8M enterprise fraud scheme. The evidentiary record assembled by Defendant constitutes the factual predicate for recovery exceeding  million. Disruption of business records through forced asset sale directly undermines this action.

(iv) The value of the intellectual property, documentary evidence, and trade secret materials connected to these assets far exceeds the loan balance. Improper or premature sale -- particularly to enterprise-connected buyers with knowledge of SYGs vulnerable position -- would constitute irreparable harm and unjust enrichment of parties acting with unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Charles J. Stratmann respectfully requests that:

a. The Complaint be dismissed as to Count V;

b. Alternatively, that judgment be entered in an amount reflecting proper credits, set-offs, and impairment of collateral;

c. The Court take judicial notice of the related proceedings identified herein;

d. Costs be assessed against Plaintiff; and

e. Such other and further relief as this Court deems just and proper.

Dated: 5/26/2026

Respectfully submitted,

Charles J. Stratmann, Pro Se

545 NE 17th Ave

Fort Lauderdale, FL 33301

Phone: (954) 873-9546

Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of May, 2026, a true and correct copy of the foregoing was served via CM/ECF electronic filing on all counsel of record, including:

Storfer & Associates / Lorium Law Group

[Counsel for Plaintiff Locality Bank]

Charles J. Stratmann, Pro Se