IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60068-AHS

FILED BY ___ D.C.
MAY 26 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

LOCALITY BANK, N.A., Plaintiff,

v.

STARBOARD YACHT GROUP LLC; CHARLES J. STRATMANN; et al., Defendants.

---

**NOTICE OF RELATED CASES**

Pursuant to Local Rule 3.8 of the Southern District of Florida, Defendant Charles J. Stratmann hereby gives notice that multiple pending actions involve the same or substantially similar parties, facts, property, and subject matter, and therefore may be related under the Rule and warrant coordination or reassignment to a single judge:

**1. Seacoast National Bank v. M/V Slow UR Roll II et al.**

Case No. 0:26-cv-60289-WPD (Judge Dimitrouleas)

In rem admiralty foreclosure on the Everglades 350LX (USCG Official No. 1220768) -- the SAME VESSEL subject to this Court's prior-filed action. Filed 2/2/2026; warrant issued 2/25/2026; vessel arrested 3/4/2026; DEFAULT JUDGMENT entered 5/21/2026 ($168,773.21) -- vessel condemned to judicial sale by U.S. Marshal. Case now CLOSED. This Court's action was filed 21 days earlier (1/12/2026) on the same vessel.

**2. Starboard Yacht Group LLC v. M/V Octopussy et al. (CMR)**

Case No. 0:23-cv-61696-AHS (Judge Singhal)

Admiralty/breach of contract/injunctive relief involving Contessa Marine Research (Steven Ivankovich). Overlapping parties (SYG, Stratmann). Rule 60(b) motion pending. Ivankovich entities connected to the enterprise fraud pattern that caused default on the instant loan.

**3. Seakeeper Inc. v. Starboard Yacht Group LLC**

Case No. 1:26-cv-01332-MJM (D. Md., Judge Motz)

Trade secret/restrictive covenant action. Seakeeper terminated SYG's $1.8M annual dealer relationship on January 8, 2025 -- 4 days before Locality filed this action. Preliminary injunction entered 5/11/2026. The termination eliminated SYG's primary revenue source, directly causing the loan default at issue here.

**4. Charles J. Stratmann v. Seakeeper, Inc. (CJS v. SKR)**

Case No. 1:26-cv-01332-MJM (D. Md., Judge Motz)

Defendant Stratmann is both a named defendant (Seakeepers trademark complaint filed April 3, 2026) and has pending motions for appointment of pro bono counsel and intervention in his individual capacity. The SKR action involves the same Seakeeper stabilization equipment installed on vessels that are collateral in this action. Seakeepers preliminary injunction (entered May 11, 2026) restrains SYGs use of proprietary installation knowledge -- knowledge that directly bears on the value and disposition of collateral vessels containing Seakeeper equipment. Any sale of vessels with Seakeeper equipment risks trade secret exposure and violates the D. Md. injunction. Additionally, Seakeepers dealer termination (January 8, 2025 -- four days before this action was filed) eliminated ,999 in annual revenue, directly causing the loan default at issue here. The intellectual property and trade secret dimensions of the SKR action make coordination with this Courts collateral disposition essential.

**5. Charles J. Stratmann v. Steven Ivankovich et al. (CJS v. Ivankovich)**

CA11 Case No. 26-10941 (Eleventh Circuit Court of Appeals)

Appeal from 0:26-cv-61150-PAB (S.D. Fla., Judge Bloom) -- RICO action alleging coordinated enterprise fraud scheme involving .8 million in asset diversion (as found by

Judge Coleman, N.D. Ill. 20-cv-04985, DE 383). The RICO defendants include entities and individuals who directly caused the financial collapse that resulted in default on the Locality Bank loan at issue here. Ivankovichs enterprise: (a) terminated SYGs .8M Seakeeper dealership through coordinated action with Seakeeper Inc.; (b) manufactured a .5M default judgment (CMR, 0:23-cv-61696-AHS) through documented fraud on the court; (c) orchestrated theft of .4M in SYG property through the BlueWater/Ackel seizure (void judgment, COSO-25-053444); and (d) deployed private investigators to locate and monitor SYGs remaining assets -- including the very collateral at issue in this action. Recovery in the RICO action (potential + treble damages) would more than satisfy all obligations to Plaintiff. Forced sale of collateral assets that constitute evidence in the RICO action would cause irreparable harm and unjustly enrich the RICO defendants.

**6. SYG v. BlueWater Reel Estate LLC**

Case No. CACE-26-005811 (Broward County Circuit Court, Judge Levenson)

Replevin + Civil Theft + Conversion action seeking ,906,385.02 in treble damages for .4M+ in stolen SYG assets (including Seakeeper inventory, tools, equipment, and vessel-related property). Filed April 7, 2026. Defendants response deadline: June 8, 2026. The stolen assets include property that was revenue-generating collateral -- its seizure under a void judgment (COSO-25-053444) directly impaired the value of Plaintiffs security interest and caused the inability to service the SBA loan. Recovery in this action would restore SYGs ability to satisfy obligations to Plaintiff.

**NOTICE OF INTELLECTUAL PROPERTY AND TRADE SECRET EXPOSURE RISK**

Defendant gives notice that the collateral assets subject to this action carry intellectual property, trade secret, and evidentiary value that creates risk of irreparable harm through improper or unjust sale:

(a) Seakeeper Equipment: Vessels contain proprietary Seakeeper stabilization systems subject to active trade secret litigation (1:26-cv-01332-MJM). Sale to any buyer exposes installation specifications, calibration data, and dealer-exclusive technical knowledge that Seakeeper claims as protected trade secrets. The D. Md. preliminary injunction (May 11,

2026) creates a direct conflict with any collateral disposition involving Seakeeper-equipped vessels.

(b) Documentary Evidence: SYGs business records, electronic devices, and physical files -- some stored on or connected to the collateral vessels and equipment -- constitute the evidentiary foundation for + in pending claims across 8 cases. These records include the PREDICATE evidence platform (17,500+ Bates-stamped documents), SMS evidence chains (Ed Biggie, Rick Panero), and MS Graph email extractions that form the factual basis of the RICO complaint and pending criminal investigations.

(c) Irreparable Harm: Forced sale of collateral -- particularly to enterprise-connected buyers (Tom Ackel, Ed Biggie/Atlantic Yacht & Ship, Rick Panero/Ares Marine) who have demonstrated knowledge of SYGs assets and connections to the Ivankovich enterprise -- would permanently destroy evidence, break chain of custody for pending criminal investigations, and unjustly enrich parties with unclean hands.

(d) Unclean Hands: Plaintiff approaches this Court through counsel (Akerman LLP) that simultaneously represents adverse parties in related proceedings. The enterprise defendants (CMR/Ivankovich) who caused the loan default through documented RICO predicate acts would be unjustly enriched by a forced sale that eliminates evidence of their own fraud. Equity will not aid a party whose own misconduct created the default condition. See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806 (1945).

**BASIS FOR RELATEDNESS**

The above actions involve: (a) the same vessel (Everglades 350LX, Official No. 1220768, subject to competing in rem claims in this action and Case No. 0:26-cv-60289-WPD); (b) the same parties (SYG LLC and Charles Stratmann); (c) overlapping counsel (Akerman LLP represents Seacoast in 0:26-cv-60289-WPD and appeared in the CMR matter 0:23-cv-61696-AHS); (d) the same underlying transaction (SBA 7(a) loan default caused by coordinated enterprise attack); and (e) potential inconsistent judgments (two courts ordering sale of the same vessel).

Prompt coordination is particularly urgent because the Default Judgment in Case No. 0:26-cv-60289-WPD orders the U.S. Marshal to sell the Everglades 350LX -- the same vessel that is the subject of this Court's prior-filed action. If the sale proceeds without this Court's knowledge, it may deprive this Court of jurisdiction over the very collateral at issue.

Dated: 5/26/2026

Respectfully submitted,

Charles J. Stratmann, Pro Se

545 NE 17th Ave

Fort Lauderdale, FL 33301

Phone: (954) 873-9546

Email: jake@starboardyacht.com

**EXHIBIT: RES JURISDICTION TIMELINE**
**M/V SLOW UR ROLL II (Everglades 350LX, USCG Official No. 1220768)**

| Date | Event | Court/Case | Source |
|---|---|---|---|
| 01/08/2025 | Seakeeper terminates SYG dealer agreement ($1.8M revenue) | N/A | Termination letter |
| 01/12/2026 | Locality Bank Complaint FILED (first-filed) | 0:26-cv-60068-AHS (Singhal) | PACER DE 1 |
| 01/13/2026 | Locality Motion for Warrant in Rem (DE 6) [SEALED] | 0:26-cv-60068-AHS (Singhal) | PACER DE 6 |
| 01/14/2026 | Locality Summons Issued | 0:26-cv-60068-AHS (Singhal) | PACER DE 3 |
| 02/02/2026 | Seacoast Complaint FILED (21 days AFTER Locality) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 1 |
| 02/13/2026 | Seacoast Motion for Warrant in Rem (DE 6) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 6 |
| 02/17/2026 | Seacoast Arrest Warrant Issued | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 10 |
| 02/18/2026 | Seacoast strikes all CJS filings (DE 15) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 15 |
| 03/02/2026 | Seacoast denies CJS intervention (DE 30) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 30 |
| 03/04/2026 | VESSEL ARRESTED by U.S. Marshal (Seacoast) | 0:26-cv-60289-WPD (Dimitrouleas) | DE 70 para 3 |
| 03/04/2026 | Locality Custodian Appointed | 0:26-cv-60068-AHS (Singhal) | Notice Related Cases |
| 04/10/2026 | Locality Custodian Takes Pursuit (separate vessel) | 0:26-cv-60068-AHS (Singhal) | PACER |
| 04/15/2026 | Seacoast: CJS claim struck + default ordered (DE 53) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 53 |
| 04/16/2026 | Seacoast: Clerk's Entry of Default (SYG + Vessel) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 51/54 |
| 05/04/2026 | Seacoast: Motion for Default Judgment filed (DE 64) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 64 |
| 05/11/2026 | Seakeeper PI hearing (SYG revenue eliminated) | 1:26-cv-01332-MJM (Motz) | PACER |

| | | | |
|---|---|---|---|
| 05/21/2026 | SEACOAST DEFAULT JUDGMENT $168,773.21 (DE 69-70) | 0:26-cv-60289-WPD (Dimitrouleas) | PACER DE 69-70 |
| 05/21/2026 | Vessel CONDEMNED to sale by U.S. Marshal | 0:26-cv-60289-WPD (Dimitrouleas) | DE 70 para 8-9 |

**KEY FINDING**

Locality Bank filed FIRST (January 12, 2026) and sought a warrant on the Everglades (January 13, 2026) -- 21 DAYS before Seacoast filed its complaint and 50 DAYS before Seacoast arrested the vessel. Under Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1939), and Moran v. Sturges, 154 U.S. 256 (1894), the first court to exercise jurisdiction over a res has exclusive control. The question is whether Locality's sealed DE 6-8 (January 13-14, 2026) resulted in actual process against the Everglades before Seacoast's March 4 arrest.

OPEN QUESTION: DE 6-8 in this action (0:26-cv-60068-AHS) are SEALED. Defendant respectfully requests unsealing or in camera review to determine whether this Court's warrant included the Everglades and whether process was served or custody obtained before March 4, 2026. If so, the Seacoast judgment on the same vessel is void under Princess Lida.