UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60068-CIV-SINGHAL

**LOCALITY BANK**, a Florida banking corporation,

Plaintiff,

vs.

**STARBOARD YACHT GROUP, LLC**, a Florida limited liability company; *et al.*,

Defendants.
_______________________________________/

**ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE**

**THIS CAUSE** came before the Court upon the Clerk's entries of default against defendants Starboard Yacht Group, LLC and 28−Foot Pursuit, Hull ID SSUE82861405, Title No. 91874263 (the "**Defaulted Defendants**"). *See* (DE [24]). Upon review of the record, it appears that the Defaulted Defendants indeed failed to respond to the Complaint or otherwise appear in this action. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff is **ORDERED** to file and serve one of the following two documents by **June 24, 2026**:

(1) Where there is only one defendant, or where there are multiple defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between the defendants, Plaintiff shall file ***a motion for default final judgment***.

The *motion for default final judgment* must include affidavits of any sum certain due by the defaulted defendant(s), and any other supporting documentation necessary to

[1] If there are multiple Defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

determine Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order containing the factual and legal bases for the final judgment; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at singhal@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to defense counsel for all defaulted defendant(s) or to the defaulted defendant(s) if unrepresented. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

If the defaulted defendant(s) fail to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take the property or money of any defaulted defendant(s), and/or obtain other relief against the defaulted defendant(s).

(2) Where there are multiple defendants and allegations of joint and several liability, or the possibility of inconsistent liability between defendants, Plaintiff shall file a ***notice of joint liability*.** *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all

defendants, Plaintiff may move for the entry of default final judgment against any defaulted defendant(s), as described in (1) above, no later than 14 days thereafter.

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice as to this Defendant.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of June 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE