UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60068-CIV-SINGHAL

LOCALITY BANK, a Florida banking corporation,

        Plaintiff,

v.

STARBOARD YACHT GROUP, LLC, a Florida limited

liability company; CHARLES JAKE STRATMANN,

individually; and the 28-FOOT PURSUIT, Hull ID

SSUE82861405, Title No. 91874263,

        Defendants.

/



FILED BY _____ D.C.

JUN 05 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT CHARLES JAKE STRATMANN'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AS TO THE 28-FOOT PURSUIT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c)

Defendant Charles Jake Stratmann, proceeding pro se in his individual capacity, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(c) to set aside the Clerk's Entry of Default against the 28-Foot Pursuit, Hull ID SSUE82861405, Title No. 91874263. Good cause exists for the requested relief because (1) the failure to respond was not willful, (2) Plaintiff will suffer no prejudice, and (3) Defendant Stratmann has meritorious defenses - including the threshold fact that the vessel is his personal property, not the property of Starboard Yacht Group, LLC, rendering the default procedurally improper.

### INTRODUCTION

1. On or about June 4, 2026, the Court entered its Order on Default Final Judgment Procedure (DE 26), noting the Clerk's entry of default (DE 24) against Starboard Yacht Group, LLC and the 28-Foot Pursuit. The order expressly states that "Defaulted defendants may move to set aside the Clerk's default." DE 26 at 2.

2. Defendant Stratmann, as the individual owner of the 28-Foot Pursuit, brings this motion in that capacity. The vessel is his personal property, not an asset of Starboard Yacht Group, LLC. The naming of the vessel as an in rem defendant based on an SBA loan obligation of the LLC is therefore legally untenable, and the default entered against it must be set aside.

3. Stratmann also respectfully brings to this Court's attention the cross-case in rem jurisdiction issue implicating this case and a subsequently-filed action involving the same vessel. Seacoast Banking Corporation of Florida v. M/V Slow UR Roll II, 0:26-cv-60289-WPD (S.D. Fla.), was filed on February 2, 2026 - twenty-one days AFTER this action was filed on January 12, 2026. Under the prior-exclusive-jurisdiction doctrine of Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456 (1939), this Court's in rem jurisdiction over the vessel (commenced by sealed DE 6-8) predates and supersedes any subsequent in rem action over the same res. This Court's jurisdiction was first; it is exclusive.

## FACTUAL BACKGROUND

4. Charles Jake Stratmann is the individual owner of the 28-Foot Pursuit motorboat, Hull ID SSUE82861405, Title No. 91874263 (the "Vessel").

5. Stratmann acquired ownership of the Vessel prior to or independent of the

formation of Starboard Yacht Group, LLC, and at no time executed any instrument transferring title to, or otherwise vesting ownership of, the Vessel in the LLC. No Operating Agreement, assignment, or bill of sale conveyed the Vessel to Starboard Yacht Group, LLC.

6. On or about May 27, 2026, Stratmann filed his Declaration of Pre-Existing Individual Ownership (DE 21) in this action, which attests under penalty of perjury to his individual ownership of the Vessel, independent of any corporate obligation.

7. Locality Bank's Complaint names the Vessel as a defendant in rem. The in rem claim is premised on the theory that the Vessel secures the SBA loan obligation of Starboard Yacht Group, LLC. Because Stratmann, not the LLC, owns the Vessel, the LLC had no authority to pledge it as collateral, and any purported security interest in the Vessel based on LLC obligations is void or voidable.

8. Stratmann filed an Answer to the Complaint in his individual capacity on or about May 27, 2026 (DE 20), asserting nine affirmative defenses including, inter alia, Princess Lida / prior in rem jurisdiction, impairment of collateral, lender bad faith, and force majeure.

9. The Clerk's entry of default as to the Vessel (DE 24) was entered against the Vessel as a named defendant. Because Stratmann, as individual owner, now appears before this Court and contests the Vessel's liability, the default should be set aside to permit him to litigate the Vessel's status.

10. Cross-Case Jurisdictional Priority. This Court's case (0:26-cv-60068-AHS) was filed on January 12, 2026. The sealed docket entries DE 6-8 in this case constitute the Court's original in rem arrest of the vessel. A subsequently filed action, Seacoast Banking

Corporation v. M/V Slow UR Roll II, 0:26-cv-60289-WPD, was filed on February 2, 2026, and obtained an arrest order on March 4, 2026. Under Princess Lida, this Court's first-filed in rem jurisdiction is exclusive. The SCB arrest was jurisdictionally void, and any default judgment entered in that case (DE 69, 70, May 21, 2026) is void ab initio for lack of in rem jurisdiction.

## LEGAL STANDARD

11. Rule 55(c) provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause standard is "not rigorous." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Courts evaluate three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. Id. Rule 55(c) good cause is construed more liberally than the "excusable neglect" standard under Rule 60(b). EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

## ARGUMENT

### I.   THE DEFAULT WAS NOT WILLFUL.

12. The failure of the Vessel to "appear" or "answer" in this proceeding is not the product of willful disregard. The Vessel is personal property, not a legal person capable of appearing in litigation. The proper party to litigate the Vessel's status is its owner - Defendant Stratmann - who has now appeared in his individual capacity (DE 20) and who brings this motion.

13. Stratmann's failure to appear on the Vessel's behalf in the initial response period

was the product of the extraordinary financial circumstances detailed in his pleadings and the accompanying Declaration (DE 21), including the coordinated multi-forum litigation attack that has depleted the operating capital of Starboard Yacht Group, LLC and imposed crushing legal obligations upon Stratmann personally. These circumstances are set forth in the operative IFP Declaration filed in this matter, which documents Stratmann's inability to retain counsel across multiple simultaneous proceedings.

14. There is no evidence of strategic manipulation or intentional non-compliance. The default against the Vessel reflects the procedural posture of an in rem action against property whose individual owner was not initially separately represented. That is now remedied by this motion.

## II.  SETTING ASIDE THE DEFAULT WILL NOT PREJUDICE PLAINTIFF.

15. Locality Bank will suffer no cognizable prejudice from setting aside the Vessel's default. This case is in its earliest stages. No scheduling order has issued; no discovery has occurred; no final judgment has been entered. The Court's Order Requiring Scheduling Report (DE 25) establishes a joint scheduling report deadline of June 24, 2026, confirming that the litigation has not yet progressed past initial case management.

16. Setting aside the default allows the Court to adjudicate the threshold question of vessel ownership - a question that goes to the very foundation of Plaintiff's in rem claim - on the merits. Entry of default final judgment against a vessel that may be individually owned by a separately named defendant who has appeared and answered would produce a legally anomalous result that disserves both the parties and judicial economy.

17. Any theoretical "delay" from permitting Stratmann to litigate the Vessel's status is minimal and does not constitute the kind of prejudice that would justify a default judgment when an appearing party has a threshold ownership defense. See Compania Interamericana, 88 F.3d at 951 ("delay in and of itself is insufficient to establish prejudice").

## III.  DEFENDANT STRATMANN HAS MERITORIOUS DEFENSES.

18. Meritorious defenses exist to the claims against the Vessel. A defense is meritorious if it is "good at law," i.e., it presents a viable legal argument that, if believed, would have some bearing on the outcome. Id.

19. First and foremost: Stratmann's Declaration (DE 21) attests to his pre-existing, individual ownership of the Vessel, free of any LLC ownership. If the Vessel is not an asset of Starboard Yacht Group, LLC, it cannot serve as collateral for LLC obligations, and the in rem claim against it fails as a matter of law.

20. Second, this Court's jurisdiction over the Vessel as an in rem defendant is subject nto challenge under the prior-exclusive-jurisdiction doctrine established in Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456 (1939). Locality Bank filed this action on January 12, 2026, in the Southern District of Florida. A subsequently filed action (Seacoast Banking Corporation of Florida v. M/V Slow UR Roll II, 0:26-cv-60289-WPD) purports to assert in rem jurisdiction over the identical vessel (USCG Official No. 1220768). Under Princess Lida, the first court to acquire in rem jurisdiction retains exclusive control. This Court's own sealed docket entries (DE 6-8) are relevant to establishing the original arrest warrant and this Court's priority. Stratmann expressly reserves all Princess Lida arguments.

21. Third, the SCB action (0:26-cv-60289-WPD) obtained a default judgment on May 21, 2026 (DE 69, 70), purporting to condemn the vessel to sale. Because this Court's in rem jurisdiction was first and exclusive under Princess Lida, the SCB arrest (March 4, 2026) was void ab initio, and the SCB default judgment is void for lack of in rem jurisdiction. The vessel cannot be subject to two inconsistent in rem judgments.

22. Fourth, Stratmann's Answer (DE 20) sets forth nine affirmative defenses to Plaintiff's claims, including impairment of collateral under UCC § 3-605, lender bad faith, force majeure and impossibility arising from the enterprise fraud attack that destroyed Stratmann's ability to service obligations, set-off, and unclean hands. These defenses apply with equal or greater force to the in rem claim against the Vessel.

23. Fifth, the unclean hands defense (AD #6) is now self-authenticating. Plaintiff Seacoast National Bank - which has an SBA loan claim against SYG in this action - is represented by Amanda Klopp of Akerman LLP in the related foreclosure action (0:26-cv-60289-WPD). It is documented that Ms. Klopp and Akerman LLP simultaneously represent Ivankovich-family interests on asset protection matters directly adverse to SYG. See Florida Bar Complaint File #124156 (pending); SCB Demand Letter (2026-05-03) documenting Akerman's dual representation. This direct Rule 4-1.7(a) concurrent conflict - where Seacoast's counsel is also protecting Ivankovich assets from SYG's claims - demonstrates the coordinated enterprise nature of the multi-creditor attack. Locality Bank's claim is part of that same coordinated pattern, and the Court should not reward that coordination with a default judgment.

CONCLUSION

For the foregoing reasons, Defendant Charles Jake Stratmann respectfully requests

that this Court set aside the Clerk's Entry of Default (DE 24) as to the 28-Foot Pursuit, Hull

ID SSUE82861405, Title No. 91874263, and permit the merits of the claims against the

Vessel to be litigated through the normal course of this proceeding.

Respectfully submitted,

_____

Charles Jake Stratmann

Pro Se

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Dated: June 6 , 2026

CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2026, a true and correct copy of the foregoing was

Served upon counsel of record for Plaintiff Locality Bank via the Court's CM/ECF system.

_____

Charles Jake Stratmann, Pro Se