IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| LOCALITY BANK, a Florida banking corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>STARBOARD YACHT GROUP, LLC, a Florida limited liability company 35-FOOT EVERGLADES, U.S.C.G. Official No. 1220768, Hull I.D. RJDE00051708, and engines, tackle and accessories, 28-FOOT PURSUIT, Hull ID SSUE82861405, Title No. 91874263, and engines, tackle and accessories, and CHARLES J. STRATMANN, individually,<br><br>          Defendants. | CASE NO.: 0:26-cv-60068-AHS |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Plaintiff, Locality Bank, by and through undersigned counsel, files *Plaintiff's Response in Opposition to Motion to Set Aside Default* and states as follows:

1.     On January 12, 2026, Plaintiff commenced the above-captioned admiralty proceeding against the Defendants, Starboard Yacht Group, LLC ("Starboard"), the vessel 28-foot Pursuit, Hull ID SSUE82861405, Title No. 91874263, and its engines, tackle and accessories, Charles J. Stratmann, individually ("Stratmann"), as well as the vessel 35-foot Everglades, U.S.C.G. Official No. 1220768, Hull I.D. RJDE00051708, and its engines, tackle and accessories.

2.     Plaintiff's *Verified Complaint in Admiralty* (the "*Complaint*") asserts five counts consisting of claims against Starboard for breach of a promissory note, alternatively, unjust enrichment, and against Starboard and the vessels to foreclose a preferred ship's mortgage encumbering the Pursuit and Everglades, against Starboard and the Pursuit for foreclosure of a title lien encumbering the Pursuit, foreclosure of the personal property held by Starboard and each of the vessels, and a claim for breach of a personal guaranty against Stratmann. [Dkt. No. 1].

0:26-cv-60068-AHS

3.  On January 13, 2026, the Clerk of Court issued the *Warrant for Arrest in Rem* with respect to the vessels.

4.  The Pursuit was subsequently taken into custody by the U.S. Marshal's Service and placed into the hands of the court-approved custodian, Philip J. von Kahle of Moecker Auctions, Inc., where in remains pending further order of court.

5.  On June 2, 2026, a Clerk's default was entered against the Pursuit. [Dkt. No. 24].

6.  On June 8, 2026, Stratmann filed an unverified motion to set aside the default with respect to the Pursuit (the "*Motion to Set Aside*"). [Dkt. No. 27].

7.  Despite the fact that the Loan Agreement, Business Loan Agreement, Security Agreement, and Preferred Ship's Mortgage attached as exhibits to the *Complaint* clearly evidence that Starboard is the owner of the Pursuit and Stratmann is only a guarantor of the debt, Stratmann, in the *Motion to Set Aside*, asserts, without any evidentiary support whatsoever, that he is the owner of the Pursuit and as such, he contends that it is appropriate to vacate the Clerk's default entered against the Pursuit. *Motion to Set Aside* at 1 and ¶¶ 2 and 4 at 2. Stratmann refers to the Declaration he filed on May 27, 2026, [Dkt. No. 21]. *Motion to Set Aside* ¶ 13 at 5. But a review of the Declaration reveals that there is absolutely nothing mentioned therein regarding the Pursuit whatsoever, let alone any verified statements or supporting documentation that Stratmann owns the Pursuit.

8.  Vacating a default is governed by Rule 55(c) of the Federal Rules of Civil Procedure, which provides that a court may set aside a default for "good cause", which courts have interpreted as requiring an assessment of (i) whether the default was the result of willfulness as compared to inadvertence or mistake, (ii) whether the party seeking relief has a meritorious defense, and (iii) whether there is prejudice to the non-defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

9.    As to the first element, Stratmann contends that his (and presumably the Pursuit's) failure to timely respond to the *Complaint* was not willful, but he then goes on to describe how he was seemingly aware of the deadline but, because of "extraordinary financial circumstances" did not timely respond. *Motion to Set Aside* ¶ 13 at 5.

10.    Simply put, it is inconceivable how alleged financial constraints precluded an earlier filing *pro se* on behalf of the Pursuit. Nothing Stratmann says constitutes inadvertence or a mistake.

11.    Stratmann also contends in the *Motion to Set Aside* that he, not the Pursuit, has meritorious defenses to the claims made herein. *Motion to Set Aside*, ¶ 3.

12.    As to prejudice, Plaintiff is incurring significant costs storing the Pursuit. Therefore, Plaintiff would be extremely prejudiced if this case drags on because of Stratmann's meritless filings that create delay.

13.    In addition, Stratmann references in his *Motion to Set Aside* another case filed AFTER the instant case and asserts that somehow the subsequently filed case divests this Court of jurisdiction to adjudicate the instant case. *Motion to Set Aside*, ¶ 3.

14.    The Pursuit, through Stratmann, fails to present anything that warrants vacating the Clerk's default entered against the Pursuit.

WHEREFORE, Plaintiff, Locality Bank, by and through undersigned counsel, requests that this Court deny the Motion to Set Aside Default and grant Plaintiff any further relief this Court deems just and proper.

0:26-cv-60068-AHS

Dated this 17th day of June 2026.

**LORIUM LAW**
*Attorneys for Plaintiff*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:    (954) 462-8000
Facsimile:    (954) 462-4300

By:  */s/ Richard B. Storfer*
      Richard B. Storfer
      Florida Bar No. 984523
      rstorfer@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this same day via: (1) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and (2) US Mail to the parties listed as follows:  Charles J. Stratmann, at jake@starboardyacht.com and 545 NE 17th Avenue, Ft. Lauderdale, FL 33301; Starboard Yacht Group, LLC and 28-Foot Pursuit, at 545 NE 17th Avenue, Ft Lauderdale, FL 33004.

      */s/ Richard B. Storfer*
      Richard B. Storfer

8075.003