

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| LOCALITY BANK, a Florida banking corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STARBOARD YACHT GROUP, LLC, a Florida limited liability company 35-FOOT EVERGLADES, U.S.C.G. Official No. 1220768, Hull I.D. RJDE00051708, and engines, tackle and accessories, 28-FOOT PURSUIT, Hull ID SSUE82861405, Title No. 91874263, and engines, tackle and accessories, and CHARLES J. STRATMANN, individually, <br><br> Defendants. | CASE NO.: 0:26-cv-60068-AHS |

**JOINT SCHEDULING REPORT PURSUANT TO LOCAL RULE 16.1**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), Plaintiff and the defendant Charles J. Stratmann (the "Parties"), submit this Joint Scheduling Report as follows:

The Parties conducted their Rule 26(f) conference on June 12, 2026, and report as follows:

1. **CASE MANAGEMENT TRACK**

The Parties jointly recommend that this action be assigned to the Expedited Track pursuant to Local Rule 16.1(a).

2. **LIKELIHOOD OF SETTLEMENT**

The Parties have discussed settlement and believe that settlement discussions may be productive after the exchange of initial disclosures and core discovery. The Parties will continue to evaluate settlement throughout the litigation.

3. **ADDITIONAL PARTIES**

At this time, the Parties do not anticipate the addition of other parties. The Parties reserve the right to seek joinder if information obtained through discovery warrants such action.

4. **DEADLINES**

The Parties jointly propose the following deadlines:

a. Deadline to join additional parties: July 24, 2026,

b. Deadline to amend pleadings: July 24, 2026,

c. Deadline for expert disclosures (Plaintiff): September 4, 2026,

d. Deadline for expert disclosures (Defendant): October 2, 2026,

e. Deadline for rebuttal experts: October 16, 2026,

f. Discovery cutoff: November 23, 2026,

g. Deadline to file all pretrial motions, including dispositive motions: December 7, 2026, and

h. Deadline for mediation: October 23, 2026.

5. **FORMULATION AND SIMPLIFICATION OF ISSUES**

The Parties believe that discovery may permit narrowing of issues for trial. The Parties will confer regarding stipulations of fact and law and will seek to eliminate claims, defenses, and issues not genuinely in dispute.

The Parties presently anticipate filing no more than one motion for summary judgment per side absent leave of Court.

6.      **NECESSITY OF AMENDMENTS TO PLEADINGS**

No amendments are presently anticipated beyond the proposed amendment deadline. The Parties reserve all rights as permitted by the Federal Rules of Civil Procedure and any Scheduling Order entered by the Court.

7.      **ADMISSIONS, STIPULATIONS, AND AUTHENTICITY**

The Parties will confer regarding admissions of fact, stipulations concerning authenticity and admissibility of documents, and other measures to streamline trial and reduce unnecessary proof.

8.      **AVOIDANCE OF UNNECESSARY PROOF**

The Parties agree to cooperate in identifying undisputed facts and authenticating documents where appropriate to avoid cumulative or unnecessary evidence.

9.      **REFERRAL TO MAGISTRATE JUDGE OR SPECIAL MASTER**

The Parties consent to referral of appropriate discovery matters and settlement conferences to a United States Magistrate Judge. The Parties do not presently believe appointment of a special master is necessary.

10.     **ESTIMATED LENGTH OF TRIAL**

The Parties estimate that trial will require approximately 1-2 days.

11.     **REQUESTED TRIAL PERIOD**

The Parties request a trial period beginning on or after January 4, 2027, or on the Court's next available trial calendar thereafter.

12.     **ELECTRONICALLY STORED INFORMATION**

The Parties have discussed preservation of electronically stored information ("ESI") and will take reasonable steps to preserve potentially relevant ESI.

3

The Parties presently anticipate production of ESI in searchable PDF format and native format where appropriate.

### 13.   PRIVILEGE ISSUES

The Parties agree that inadvertent disclosure of privileged or work-product-protected material shall not constitute a waiver and request that the Court enter an order pursuant to Federal Rule of Evidence 502(d).

### 14.   OTHER MATTERS

The Parties are unaware of any additional matters requiring special consideration by the Court at this time.

Respectfully submitted on this ___ day of June 2026.

**LORIUM LAW**
*Attorneys for Plaintiff*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:     (954) 462-8000
Facsimile:     (954) 462-4300

By:  */s/ Richard B. Storfer*
          Richard B. Storfer
          Florida Bar No. 984523
          rstorfer@loriumlaw.com

Charles J. Stratmann, *pro se*
545 NE 17th Avenue
Ft. Lauderdale, FL 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com

By: _____
          Charles J. Stratmann

4