

FILED BY _____ D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| LOCALITY BANK, a Florida banking | ) | **Case No. 0:26-cv-60068-AHS** |
| corporation, | ) | **Hon. Raag Singhal** |
| | ) | **Mag. Hon. Shaniek M. Maynard** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STARBOARD YACHT GROUP, LLC, a | ) | |
| Florida | ) | |

limited liability company; 35-FOOT

EVERGLADES, U.S.C.G. Official No.

1220768, Hull I.D. RJDE00051708; 28-

FOOT

PURSUIT, Hull I.D. SSUE82861405,

Title No. 91874263; and CHARLES J.

STRATMANN, individually,

Defendants.

1

## DEFENDANT CHARLES JAKE STRATMANN'S REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AS TO THE 28-FOOT PURSUIT [DE 27] AND MOTION FOR LEAVE TO FILE REPLY OUT OF TIME

*Defendant Charles Jake Stratmann appears solely in his individual capacity, pro se, pursuant to 28 U.S.C. § 1654. He does not purport to represent Starboard Yacht Group, LLC.*

## I. MOTION FOR LEAVE TO FILE REPLY OUT OF TIME

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Defendant Charles Jake Stratmann respectfully moves for leave to file this reply out of time. The reply deadline was June 24, 2026. This filing is made June 25, 2026 — one day late. Good cause exists:

1. Stratmann is pro se and without counsel. He was simultaneously managing competing emergency filings in Seacoast National Bank v. M/V Slow UR Roll II, 0:26-cv-60289-WPD, in which a judicial sale is scheduled for June 26, 2026 at 12:00 PM — the next calendar day. That emergency required all available attention through June 24.

2. The one-day delay causes no prejudice to Plaintiff. The Court has not yet ruled on DE 27. Plaintiff's opposition (DE 31) raises factual arguments that require a corrective response to preserve an accurate record.

2

3. The missed deadline was not the result of bad faith, willful neglect, or strategic delay.

Leave to file one day out of time is warranted under the excusable neglect standard. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).

## II. REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

## A. THE TITLE RECORD IS DIRECT EVIDENTIARY SUPPORT — PLAINTIFF OMITS IT

Locality Bank contends the Motion to Set Aside is "without any evidentiary support whatsoever" as to Stratmann's ownership of the 28-Foot Pursuit. DE 31 ¶ 7. That assertion is incorrect and misleading.

Florida Certificate of Title No. 91874263 is the operative ownership record. That title — a matter of Florida public record — confirms: (a) the 28-Foot Pursuit, HIN SSUE82861405, is a state-registered vessel governed by Fla. Stat. § 328.01 et seq.; (b) the BrightStar Credit Union lien (Account 876456-08) was fully released on May 16, 2024, stamped on the face of the certificate; and (c) no lien in favor of Locality Bank appears on FL Title No. 91874263.

Locality holds only a UCC security agreement against Starboard Yacht Group, LLC. That interest was not perfected by endorsement on the Florida vessel title as required under Fla. Stat. § 328.15. Without a title lien, Locality has no preferred

3

ship's mortgage over this vessel. Its in rem foreclosure claim against the 28-Foot Pursuit fails as a matter of law.

## B.  THE DEFAULT WAS NOT WILLFUL

Locality characterizes Stratmann's financial circumstances as inconceivable grounds for late filing. DE 31 ¶ 10. The law says otherwise. The Eleventh Circuit has recognized that pro se litigants facing extraordinary financial hardship may demonstrate lack of willfulness sufficient to satisfy Rule 55(c). Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951–52 (11th Cir. 1996). The relevant inquiry is whether the failure was "more than mere carelessness." Id.

## C.  STRATMANN'S MERITORIOUS DEFENSES ARE CONCRETE

Locality argues Stratmann's defenses are "meritless." DE 31 ¶ 14. A motion to set aside default requires only a showing that defenses are "not sham" or "without merit as a matter of law." Silk Plants Etc Franchise Systems, Inc. v. Register, 2012 WL 3201045 (S.D. Fla. 2012). Stratmann's defenses: (1) Individual ownership / no in rem authority — Locality's preferred mortgage theory requires a USCG-documented vessel under 46 U.S.C. § 31301(6); (2) No title lien — BrightStar released May 16, 2024; (3) Princess Lida prior exclusive jurisdiction, 305 U.S. 456, 466 (1939); (4) Stolen vessel — BSO Axon 02-2601-000152, April 2026.

## D.  PLAINTIFF'S PREJUDICE CLAIM IS SPECULATIVE AND SELF-CREATED

4

Locality claims prejudice from "storage costs." DE 31 ¶ 12. Economic prejudice from having to litigate on the merits is not the type of prejudice that precludes setting aside a default. Rust v. State Farm Fire & Cas. Co., 2007 WL 1099028 (S.D. Fla. 2007). Moreover, the Pursuit's location is uncertain given the April 2026 theft event.

## III.  CONCLUSION

For the foregoing reasons, Defendant Stratmann respectfully requests the Court: (1) grant leave to file this reply one day out of time under Rule 6(b)(1)(B); (2) set aside the Clerk's entry of default as to the 28-Foot Pursuit (DE 24) pursuant to Rule 55(c); and (3) allow Stratmann to file a responsive pleading within fourteen (14) days.

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements are true and correct to the best of my knowledge and belief.

Respectfully submitted,

**Charles Jake Stratmann**

Defendant, Pro Se

5

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Date: June 25, 2026

## CERTIFICATE OF SERVICE

I certify that on June 25, 2026, a true and correct copy of the foregoing was served upon the following counsel of record via the Court's CM/ECF system:

Richard B. Storfer, Esq.

Lorium Law

951 Yamato Road, Suite 285

Boca Raton, FL 33431

rstorfer@loriumlaw.com

/s/ Charles Jake Stratmann