# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# FORT LAUDERDALE DIVISION



LOCALITY BANK, a Florida banking )  **Case No. 0:26-cv-60068-AHS**

corporation, )  **Hon. Raag Singhal**

)  **Mag. Hon. Shaniek M. Maynard**

Plaintiff, )

)

v. )

)

STARBOARD YACHT GROUP, LLC, a )

Florida )

limited liability company; 35-FOOT

EVERGLADES, U.S.C.G. Official No.

1220768, Hull I.D. RJDE00051708; 28-

FOOT

PURSUIT, Hull I.D. SSUE82861405,

Title No. 91874263; and CHARLES J.

STRATMANN, individually,

Defendants.

1

## <u>DEFENDANT CHARLES JAKE STRATMANN'S OPPOSITION TO</u>
## <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DE 33)</u>

*Defendant Charles Jake Stratmann appears in his individual capacity, pro se, pursuant to 28 U.S.C. § 1654. He does not purport to represent Starboard Yacht Group, LLC, which as an entity requires licensed counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).*

## I. INTRODUCTION

Locality Bank seeks default judgment against Starboard Yacht Group, LLC, the 35-Foot Everglades, the 28-Foot Pursuit, and Stratmann individually for $1,038,114.66 plus attorney's fees and costs. DE 33; DE 33-1; DE 33-2. The motion fails for multiple independent reasons.

1. The 28-Foot Pursuit is Stratmann's individually owned personal property. No valid security interest was created against it, and entry of default in rem against Stratmann's personal property on an LLC obligation is procedurally and legally improper. Stratmann's pending Motion to Set Aside Default (DE 27) is fully briefed and awaiting ruling.

2. The 28-Foot Pursuit was the subject of a reported theft/trespass event in April 2026. Entry of a foreclosure judgment directing sale of a vessel subject to a pending law enforcement investigation would prejudice the criminal process.

2

3.  Stratmann is not a guarantor of the SBA loan. No personal guarantee by Stratmann individually is alleged or attached. Entry of a personal money judgment against Stratmann individually is unsupported.

4.  Entry of final judgment before the Court rules on the pending Rule 55(c) motion (DE 27) would be premature and prejudicial.

## II.  BACKGROUND

1.  On June 6, 2024, Starboard Yacht Group, LLC entered into an SBA Loan Agreement with Locality Bank in the amount of $990,000.00. DE 33-1, ¶¶ 4–7.

2.  On May 27, 2026, Stratmann filed his Declaration of Pre-Existing Individual Ownership (DE 21), attesting under penalty of perjury that the 28-Foot Pursuit, Hull ID SSUE82861405, Title No. 91874263, is his personal property, not an asset of Starboard Yacht Group, LLC.

3.  On June 5, 2026, Stratmann filed his Motion to Set Aside Clerk's Default as to the 28-Foot Pursuit (DE 27), which is currently pending before the Court.

4.  On June 17, 2026, Locality Bank filed: (a) a Notice of Dropping Party (DE 30), dismissing at least one named defendant; (b) a Notice of Joint Liability (DE 32), asserting theories not pleaded in the Complaint; and (c) its Response in Opposition to DE 27 (DE 31).

5.  On June 19, 2026, Locality Bank filed the instant Motion for Default Judgment (DE 33), seeking judgment before the Court has ruled on DE 27.

## III.  ARGUMENT

3

## A.  DEFAULT JUDGMENT SHOULD BE DENIED OR DEFERRED PENDING RULING ON DE 27

The Court has already recognized that defaulted defendants may seek relief. DE 26 at 2. That invitation is meaningless if a money judgment is entered before the motion is decided. Ruling on DE 33 before DE 27 would: (a) potentially sell personal property of a non-LLC individual based on a default entered against an LLC; (b) moot the meritorious argument in DE 27 that the vessel is Stratmann's personal property; and (c) deprive Stratmann of any realistic appellate remedy because the vessel would already be sold.

Courts in this Circuit routinely stay default judgment proceedings pending motions to set aside. Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (good cause standard under Rule 55(c) is liberally construed to prefer resolution on the merits).

## B.  NO PERSONAL GUARANTEE — NO PERSONAL JUDGMENT AGAINST STRATMANN

Locality Bank's Affidavit of Indebtedness (DE 33-1) identifies the borrower as Starboard Yacht Group, LLC. DE 33-1, ¶ 4. The Promissory Note was executed by the LLC. Plaintiff has not attached any personal guarantee executed by Stratmann individually.

Under Florida law and federal admiralty practice, a party may not obtain a personal money judgment against an individual who did not sign a promissory note or

4

guarantee. Bankers Tr. Co. v. Mallis, 435 U.S. 381, 386 (1978). Entry of a personal judgment against Stratmann individually requires either: (a) a personal guarantee; or (b) piercing the corporate veil of SYG LLC, neither of which has been pleaded or established.

## C.  THE 28-FOOT PURSUIT IS STRATMANN'S PERSONAL PROPERTY — NO VALID MARITIME LIEN

Florida law governs title to vessels registered in Florida. Fla. Stat. § 328.03. The Certificate of Title No. 91874263 is in Stratmann's individual name. See DE 21. Starboard Yacht Group, LLC never held title to the vessel and could not create a valid security interest in property it did not own.

Under Florida's UCC, a security interest attaches only when the debtor has rights in the collateral. Fla. Stat. § 679.2031(2). Because the LLC had no title to the 28-Foot Pursuit, no security interest attached. Accordingly, Locality Bank holds no valid lien on the 28-Foot Pursuit, and no in rem foreclosure judgment may issue against it.

## D.  THE VESSEL WAS REPORTED STOLEN — SALE CANNOT PROCEED

The 28-Foot Pursuit was the subject of a theft/trespass event at Harbour Towne Marina in April 2026. Entry of a default judgment directing judicial sale of a vessel subject to an active law enforcement investigation is inappropriate and contrary to public policy.

On May 25, 2026, Stratmann communicated directly with BSO Detective Amanda Vecchio regarding BSO Axon Incident Report No. 02-2601-000152, which documents the April 2026 trespass and theft event at Harbour Towne Marina, F Dock, and formally requested an NCIC stolen-vessel entry. As of the date of this filing, Stratmann has not received written confirmation of the NCIC entry status. This section is pleaded on the basis of the existing BSO incident report and the pending NCIC request. Should NCIC confirmation be obtained prior to the July 6, 2026 deadline, Stratmann reserves the right to supplement this filing.

## E.  THE 35-FOOT EVERGLADES — SYG LLC DEFAULT — NO INDIVIDUAL JUDGMENT

As to the 35-Foot Everglades, USCG Official No. 1220768, the default entered is against Starboard Yacht Group, LLC as the titleholder. Entry of a personal judgment against Stratmann individually suffers from the same defect: no personal guarantee has been pleaded or established.

## F.  DE 30 AND DE 32 REQUIRE CLARIFICATION BEFORE JUDGMENT

On June 17, 2026, Locality Bank filed a Notice of Dropping Party (DE 30), dismissing one named defendant. The effect of that dismissal on the scope of any default judgment must be clarified before judgment is entered. Additionally, DE 32 (Notice of Joint Liability) asserts theories of joint liability not pleaded in the Complaint. A motion for default judgment may not expand the relief sought beyond the Complaint's allegations. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l

Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (defendant is not deemed to admit facts beyond the well-pleaded complaint).

## IV.  REQUEST FOR RELIEF

1.  **Deny or defer** the Motion for Default Judgment (DE 33) pending resolution of Stratmann's Motion to Set Aside Clerk's Default as to the 28-Foot Pursuit (DE 27);

2.  **Deny** entry of personal money judgment against Stratmann individually absent proof of a personal guarantee executed by Stratmann;

3.  In the alternative, **stay** any foreclosure sale of the 28-Foot Pursuit pending (a) resolution of the pending BSO investigation and NCIC determination and (b) the Rule 55(c) motion; and

4.  Grant such other and further relief as the Court deems just and proper.

*Respectfully, Stratmann reserves and does not waive any rights or defenses available at law or in equity, including without limitation any right to seek relief under Rule 60(b) or to contest jurisdiction should circumstances warrant.*

Respectfully submitted,

7

**Charles Jake Stratmann**

Defendant, Pro Se

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Date: 6/25/2026 2026

## CERTIFICATE OF SERVICE

I certify that on the date of filing, a true and correct copy of the foregoing was served upon the following counsel of record via the Court's CM/ECF system:

Richard B. Storfer, Esq.

Lorium Law

951 Yamato Road, Suite 285

Boca Raton, FL 33431

rstorfer@loriumlaw.com

/s/ Charles Jake Stratmann

9